1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DA.QUI.R.,                               No. 2:24-cv-03689-EFB (PC)

12                 Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   DELAO,

15                 Defendant.

16

17        Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to

18   42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

19   forma pauperis pursuant to 28 U.S.C. § 1915, a motion to seal and proceed anonymously, a

20   motion to augment the record, a motion for a temporary restraining order, and a motion to appoint

21   counsel.  ECF Nos. 2, 5, 6, 10, 12, 17.

22                            Leave to Proceed In Forma Pauperis

23        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

24   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

25   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. §

26   1915(b)(1) and (2).

27   ////

28   ////

                                        1

1

Motion to Appoint Counsel

2       District courts lack authority to require counsel to represent indigent prisoners in § 1983

3   cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional

4   circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See*

5   28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.*

6   *Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

7   circumstances" exist, the court must consider the likelihood of success on the merits as well as the

8   ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

9   involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Plaintiff has failed to show

10  exceptional circumstances.

11

Screening Standards

12      Federal courts must engage in a preliminary screening of cases in which prisoners seek

13  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

14  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

15  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

16  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

17  relief."  *Id*. § 1915A(b).

18      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

19  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

20  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

21  defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v.*

22  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

23  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

24  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

25  U.S. 662, 679 (2009).

26      To avoid dismissal for failure to state a claim a complaint must contain more than "naked

27  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

28  action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

2

1    a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

2    678.

3          Furthermore, a claim upon which the court can grant relief must have facial plausibility.

4    *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a

7    claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

8    *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

9    plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

10    <u>Discussion</u>

11      <u>Plaintiff's Allegations.</u>  Plaintiff identifies as "intersex due to physical

12    deformities/impairments." ECF No. 1 at 4. He "was born with bilateral undescended testicles

13    resulting in low male hormone that [h]as affected the development of his reproductive organs."

14    *Id.* at 3. He has been diagnosed with "hormonal distortion causing enlarged breasts, reduced

15    axillary hair, obesity, [and] concealed penis." *Id.* His penis is recessed under infrapubic fat and

16    his testicles can be found only with the aid of an ultrasound. *Id.* Plaintiff has been approved for

17    hormone treatment, and surgery is pending to remove his breast tissue and repair the deformities

18    to his penis and testicles. *Id.* at 4.

19          Due to his condition, inmates have subjected him to verbal and physical abuse. *Id.*

20    Plaintiff describes one incident in which a violent inmate sexually abused him causing severe

21    injury; plaintiff "had to manually re-introduce polyps inside his anus" after the assault. *Id.* at 5.

22          The only named defendant in this action is Delao, a captain and Prison Rape Elimination

23    Act coordinator at Mule Creek State Prison ("MCSP"), where plaintiff was housed when he filed

24    this action. (Plaintiff has since been transferred to California State Prison, Sacramento ("CSP-

25    Sac").) Plaintiff alleges that he was given a "transgender card" to "provide protections given to

26    transgender inmates."[1] *Id.* at 4. Defendant revoked the card during an investigation into an

27    _____

28        [1] Plaintiff uses "he/him" pronouns in the complaint and states that he took the transgender
card for the protections it offered, not because he identifies as transgender. ECF No. 1 at 4.

incident unrelated to this case. *Id.* at 5-6. In addition, defendant did not authorize a transfer to a woman's prison. *Id.* at 3. Other transfers had been made for similarly-situated inmates in the past. *Id.*at 6. Plaintiff alleges that defendant intentionally discriminated against him. *Id.* He further claims that defendant knew of the harassment and physical abuse plaintiff has experienced but was deliberately indifferent to the risk of harm he created by revoking the transgender card and refusing to transfer plaintiff to a women's prison. *Id.* at 7. In addition, plaintiff had to stop attending his religious congregation at MCSP due to harassment and physical abuse. *Id.* at 8. Plaintiff asserts that because of this abuse he needs to be housed in a women's prison to be able to practice his religion. *Id.*

Plaintiff asserts claims against Delao under the Eighth Amendment, First Amendment, 14th Amendment, and Americans with Disabilities Act ("ADA"). Plaintiff seeks damages and an injunction requiring his transfer to a women's prison and prohibiting discrimination against him. *Id.* at 10.

Analysis. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted). Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To state a failure-to-protect claim against an official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official was deliberately indifferent to his safety. *Id.* "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Liberally construed, and for purposes of § 1915A screening only, plaintiff has stated a potentially cognizable Eighth Amendment claim against defendant Delao.

4

To state an equal protection claim, a plaintiff must allege facts showing "intentional and arbitrary discrimination" by the state; i.e., he must show that she "has been intentionally treated differently from others similarly situated . . .." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has pleaded insufficient facts to state an equal protection claim. While he has alleged that defendant treated him differently from similarly-situated inmates, he has not provided any facts, which if true, shore up that conclusory allegation. Accordingly, this claim will be dismissed with leave to amend. *Iqbal*, 556 U.S. at 678.

The ADA prohibits public entities, which includes prisons, from discriminating against qualified disabled individuals by excluding them from or denying them the benefits of services, programs, or activities of the public entities. 42 U.S.C. § 12132; *Duffy v. Riveland*, 98 F.3d 447, 455-56 (9th Cir. 1996). To allege a violation of the ADA, a plaintiff must state facts showing that (1) he is disabled; (2) he is otherwise qualified to participate; (3) the defendant prevented his participation in or denied him the benefits of a service, program, or activity or otherwise subjected him to discrimination; (4) the defendant's decision was based on plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

The ADA applies in the context of correctional facilities and prohibit disabled inmates from being excluded from participation in inmate services, programs, or activities, including medical programs, for which they are otherwise qualified. *Pierce v. County of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008). A plaintiff can allege disability discrimination in the provision of inmate services, programs, or activities under the ADA by pleading either (1) discrimination based on disparate treatment or impact, or (2) denial of reasonable modifications or accommodations. *Dunlap v. Ass'n of Bay Area Gov'ts*, 996 F. Supp. 962, 965 (N.D. Cal. 1998) ("[T]he ADA not only protects against disparate treatment, it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'"). Liberally construed, and for purposes of § 1915A screening only, plaintiff has stated a potentially cognizable ADA claim against defendant Delao.

////

////

5

Under the U.S. Constitution, "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972). Only beliefs which are both sincerely held and religious in nature trigger the Free Exercise Clause. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). Liberally construed, and for purposes of § 1915A screening only, plaintiff has stated a potentially cognizable free exercise claim against defendant Delao.

Although plaintiff has stated potentially cognizable claims, his transfer from MCSP moots his request for injunctive relief against defendant Delao. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief becomes moot when he is no longer subjected to those conditions. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Absent an allegation that plaintiff reasonably expects to be rehoused at MCSP, any injunction directed at Delao would not provide relief to plaintiff.

Plaintiff will be given the opportunity to amend his complaint to state viable claims for violation of the Equal Protection Clause and to support his requested remedy of injunctive relief. Plaintiff is not obligated to amend the complaint, he may instead elect to proceed on the claims identified herein as cognizable.

<u>Leave to Amend</u>

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v.*

6

*Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

Motion to Seal and Proceed Anonymously

<u>Request for Sealing.</u>  Local Rule 141 governs requests to seal documents.  E.D. Cal. L.R. 141.  That rule provides that documents may be sealed by order of the court upon the showing required by law.  L.R. 141(a).  It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information."  L.R. 141(b).

The "showing required by law" referred to by our Local Rule is generally a high one.  The court operates under a strong presumption in favor of access to court records.  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016).  Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request.[2]  *Id.*  The compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing the record and (2) articulate the factual basis for the sealing the record, without relying on hypothesis or conjecture.  *Id.* at 1096-97.  The court must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private.  *Id.* at 1097.  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"  *Id.* (quoting *Nixon v, Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  Some examples of records for which there are compelling reasons to seal are: (1) records that could be used to gratify private spite or promote public scandal; (2) records containing libelous statements; and (3)

---

[2] A lower standard – that of "good cause" – applies to requests to seal "materials attached to a discovery motion unrelated to the merits of a case."  *Ctr. for Auto Safety*, 809 F.3d at at 1097; see also Fed. R. Civ. P. 26(c).  This exception does not apply here, because plaintiff seeks to seal the entire file.  When a motion is "more than tangentially related to the merits of the case," the compelling reasons standard applies.  *Id*. at 1102.

1    records that contain business information that could be used to harm a litigant's competitive

2    standing. *Id.*

3        Plaintiff's request here is overbroad. His complaint and the subject matter of this case

4    generally could possibly gratify spite or promote public scandal. However, sealing the entirety of

5    the case file would severely impact the public's interest in case. Because the court will grant

6    plaintiff's request to proceed anonymously (see below) and thereby shield his identity from public

7    view, the court finds that sealing of the entire case file is not justified. Accordingly, the motion to

8    seal will be denied without prejudice to any future motion filed by either party seeking to seal or

9    redact identified, limited portions of specific records.

10        <u>Request for Anonymity.</u> Plaintiff asks to proceed under the pseudonym "DA.QUI.R."

11    "The normal presumption in litigation is that parties must use their real names." *Doe v.*

12    *Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010). A party may proceed anonymously,

13    however, when "special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile*

14    *Corp.*, 213 F.3d 1058, 1067 (9th Cir. 2000). Such circumstances are presented when anonymity

15    is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. *Id.*

16    at 1068. Courts have permitted anonymity where (1) identification creates a risk of retaliatory

17    physical or mental harm; (2) anonymity is necessary to preserve privacy in a sensitive and highly

18    personal matter; and (3) where a party is compelled to disclose the intention to commit a crime

19    and thus risk prosecution absent anonymity. *Id.* In deciding whether to allow a party to proceed

20    anonymously, the court must "balance the need for anonymity against the general presumption

21    that parties' identities are public information and the risk of unfairness to the opposing party." *Id.*

22    The court must also consider the public's interest in open proceedings. *Id.*

23        Plaintiff's condition as an intersex individual housed in a male prison presents a special

24    circumstance justifying anonymity. The condition, if known to other inmates, may place plaintiff

25    at risk of harm and is also highly sensitive and personal. There presently is no indication in the

26    record indicating any risk of prejudice to defendant from allowing plaintiff to proceed under the

27    pseudonym "DA.QUI.R." nor any significant public interest to be served by requiring plaintiff to

28    identify himself. Accordingly, the court will grant plaintiff's motion to proceed anonymously

1    without prejudice to any future objection by defendant following service of the complaint.

2                              Motion to Augment the Record

3          Plaintiff has filed a motion to augment the record, containing allegations and evidence not

4    included in the complaint.  ECF No. 6.  Under Eastern District of California Local Rule 220,

5    Plaintiff may not add new information to the complaint by submitting it separately.  To add new

6    information, documents, or allegations, plaintiff must file an amended complaint, complete in

7    itself, that incorporates the new material.

8                              Motion for Preliminary Injunction

9          As noted above, plaintiff is no longer housed at MCSP, and thus any injunction directed at

10   the sole defendant in this action (Delao) will not provide plaintiff relief.  His motion for

11   injunctive relief is therefore moot, and should be denied without prejudice to any future requests

12   for injunctive relief plaintiff may file, should he amend his complaint to state claims against a

13   defendant or defendants at his current institution of incarceration or to include allegations that he

14   reasonably expects to be returned to MCSP.

15                                    Conclusion

16         Accordingly, IT IS ORDERED that:

17         1.    The Clerk of Court randomly assign a district judge to this action.

18         2.    Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

19         3.    Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

20               accordance with the notice to the custodial agency filed concurrently herewith;

21         4.    Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, potentially

22               cognizable claims against defendant Delao under the First Amendment, Eighth

23               Amendment, and the ADA.

24         5.    Plaintiff's claims for violation of the 14th Amendment and for injunctive relief are

25               dismissed with leave to amend within 30 days of service of this order.  Plaintiff is

26               not obligated to amend his complaint.

27         6.    Within thirty days plaintiff shall return the notice below advising the court whether

28               he elects to proceed with the cognizable claims or file an amended complaint.  If the

                                        9

1    former option is selected and returned, the court will enter an order directing service

2    at that time.

3    7.    Plaintiff's motion to seal (ECF No. 5) is DENIED without prejudice.

4    8.    Plaintiff's motion to proceed anonymously (ECF No. 5) is GRANTED.  Plaintiff

5    may proceed in this action under the name "DA.QUI.R."  In all future filings by the

6    parties, as well as orders or opinions issued by this Court, Plaintiff shall be referred

7    to solely as "plaintiff" or "DA.QUI.R.," or by some other manner that avoids

8    referencing his name.  Any documents filed on the case docket which contain

9    references to Plaintiff's name shall have such references redacted.  Notwithstanding

10    the above, when a defendant appears, he or she may bring a motion for

11    reconsideration of this ruling, if there is evidence of prejudice that they wish the

12    Court to consider.

13    9.    Plaintiff's motion for appointment of counsel (ECF No. 12) is DENIED.

14    10.    Plaintiff's motion to augment the record (ECF No. 6) is DENIED.  Any modification

15    to the complaint must be done by way an amended complaint pursuant to Rule 15 of

16    the Federal Rules of Civil Procedure.

17    11.    Failure to comply with any part of this this order may result in dismissal of this

18    action.

19    It is further RECOMMENDED that plaintiff's motions for a preliminary injunction (ECF

20    Nos. 12, 17) be denied without prejudice.

21    These findings and recommendations are submitted to the United States District Judge

22    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23    after being served with these findings and recommendations, any party may file written

24    objections with the court and serve a copy on all parties.  Such a document should be captioned

25    "Objections to Magistrate Judge's Findings and Recommendations."

26    /////

27    /////

28    /////

10

1        Any response to the objections shall be served and filed within fourteen days after service

2    of the objections.  The parties are advised that failure to file objections within the specified time

3    may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455

4    (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5

6    Dated: August 7, 2025

7                                  EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5              UNITED STATES DISTRICT COURT

6           FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    DA.QUI.R.,                          No. 2:24-cv-03689-EFB (PC)

9              Plaintiff,

10        v.                             NOTICE OF ELECTION

11   DELAO,

12             Defendant.

13

14        In accordance with the court's Screening Order, plaintiff hereby elects to:

15

16        (1)  _____    proceed only with the claims against defendant Delao identified as

17   potentially cognizable in the Screening Order;

18

19        OR

20

21        (2)  _____    delay serving any defendant and file an amended complaint.

22

23                              _____

24                                                Plaintiff

25   Dated:

26

27

28