UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DA.QUI.R.,

Plaintiff,

v.

DELAO,

Defendant.

No. 2:24-cv-03689-DC-EFB (PC)

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. His amended complaint is before the court for screening. ECF No. 24. In addition, plaintiff has filed a number of motions for injunctive relief, a motion for expedited discovery, and a motion to amend the complaint. ECF Nos. 25-30, 32. For the reasons that follow, the court will dismiss the complaint with leave to amend, deny the motion for expedited discovery, and recommend that the motions for injunctive relief be denied without prejudice.

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such

relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Discussion

Plaintiff originally sued a single defendant - Delao, a captain and Prison Rape Elimination Act coordinator at Mule Creek State Prison ("MCSP"), where plaintiff was housed when he filed this action. (Plaintiff has since been transferred elsewhere.) The court found that plaintiff had stated potentially cognizable Eighth and First Amendment claims as well as an ADA claim. ECF No. 18. The court dismissed plaintiff's equal protection claim and claim for injunctive relief with leave to amend to attempt to cure the defects in those claims.

Plaintiff's amended complaint spans 178 pages (not including exhibits) and names 54 defendants across five state prisons and outside medical providers. ECF No. 24. The pleading is simply too long and the allegations too scattered and disconnected for the court to review under § 1915A or to give defendants fair notice of the claims against them. Federal Rule of Civil Procedure 8 instructs that a complaint must make a short and plain statement of each claim for relief. Fed. R. Civ. P. 8. Even if the factual elements of a cause of action are present in a complaint, if they are scattered and not organized into a short, plain statement of a claim, dismissal for failure to comply with Rule 8 is appropriate. *E.g., McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996).

While the court must liberally construe plaintiff's pro se complaint, neither the court nor the dozens of defendants can be expected to wade through the bevy of interwoven and unclear allegations and facts spread across 178 pages to pinpoint the essentials of plaintiff's claims. *McHenry*, 84 F.3d at 1178; *Jacobson v. Schwarzenegger*, 226 F.R.D. 395, 396-97 (C.D. Cal. 2005). Plaintiff is cautioned that it is impermissible to join unrelated claims against different defendants in a single action. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

Plaintiff has included a request for habeas corpus relief in his complaint. ECF No. 24 at 171 *et seq.* If plaintiff seeks a writ of habeas corpus, he must file a petition for writ of habeas corpus. Such a claim cannot be pursued in this civil rights action.

Plaintiff will be given one final opportunity to amend his complaint to comply with the court's initial screening order.

Leave to Amend

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

To the extent possible, plaintiff should plead with some specificity the person or persons whose conduct he alleges violated his rights. The amended complaint should be filed separately from any motions plaintiff may wish to file. The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

Motion to Amend

Plaintiff has filed a motion to amend the complaint, seeking to add defendants and claims. ECF No. 32. The court declines to allow further expansion of an already unwieldy pleading. Accordingly, the motion is denied. Plaintiff is permitted, however, to file an amended complaint in compliance with this order, Federal Rule of Civil Procedure 8, and the rules governing joinder of claims and parties, as set forth above.

////

Motion for Expedited Discovery

Plaintiff asks the court to expedite discovery. ECF No. 30. The request is premature, as no defendant has been served. Accordingly, the motion will be denied.

Motions for Injunctive Relief

Plaintiff has filed five motions for preliminary injunctive relief. ECF Nos. 25-29. Such relief may be ordered upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

Plaintiff's motions for injunctive relief do not demonstrate that these factors militate in favor of the injunctions he seeks. Plaintiff has presented the court solely with unsupported allegations and, as discussed above, his amended complaint fails to comply with Federal Rule of Civil Procedure 8 and thus will not be served on any defendant. On such a showing and at this early stage of the case, the court cannot find that plaintiff has demonstrated a likelihood of success on the merits of his claims.

////

////

////

Conclusion

Accordingly, IT IS ORDERED that:

1. The amended complaint (ECF No. 24) is DISMISSED with leave to file an amended complaint that complies with this order and the court's initial screening order. The amended complaint shall be filed within 30 days of the date of this order. The Clerk of Court is directed to send plaintiff a copy of the first screening order (ECF No. 18) along with this order.
2. Plaintiff's motion for expedited discovery (ECF No. 30) is DENIED without prejudice.
3. Plaintiff's motion for leave to amend to add defendants and claims (ECF No. 32) is DENIED.

It is further RECOMMENDED that plaintiff's motions for preliminary injunctive relief (ECF Nos. 25-29) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 10, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE